IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TANELLE M. JEFFERSON, | ) | CASE NO. 3:18-cv-00779 |
| | ) | |
| Petitioner, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| STATE of OHIO, | ) | KATHLEEN B. BURKE |
| | ) | |
| | ) | |
| Respondent. | ) | **INTERIM** |
| | ) | **REPORT & RECOMMENDATION** |

On April 6, 2018, Petitioner Tanelle M. Jefferson ("Petitioner" or "Jefferson") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). Doc. 1. On July 16, 2018, Jefferson filed a Motion for a Stay requesting a stay and abeyance of his habeas corpus petition ("Motion"). Doc. 7. Respondent has opposed the Motion. Doc. 11. On July 16, 2018, Jefferson also filed a Motion to Amend Petition (Doc. 6) and, on September 28, 2018, Jefferson filed a Motion to Supplement his Petition (Doc. 14). The undersigned has separately entered orders on the latter two motions.

**I. Background**

In his Petition, Jefferson raised four grounds for relief: (1) Ineffective assistance of trial counsel; (2) Manifest weight of the evidence; (3) Due process rights of law; (4) Bad character evidence, search and seizure, and prosecutor misconduct. Doc. 1. Although Jefferson's

1

amended petition has not yet been filed, Jefferson indicated in his motion to amend that he intends to make amendments to Grounds Two, Three and Four. Doc. 6. Also, in his motion to amend, Jefferson indicated that he filed a successive petition to vacate or set aside judgment of conviction or sentence in state court relative to Ground Four. Doc. 6. When Jefferson filed his motion to amend, Jefferson indicated that his successive petition to vacate or set aside judgment was pending in state court. In his motion for stay, Jefferson seeks a stay of these habeas corpus proceedings, stating "Petitioner has motions in state court that are pending and a Successive Petition to Vacate or Set Aside Judgment of Conviction or Sentence still pending." Doc. 7.

## II. Law

A state prisoner with federal constitutional claims must fairly present those claims in state court before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b) (1), (c). *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Federal district courts may not consider unexhausted claims or "mixed petitions," i.e., a petition containing both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005). Petitioners have one year from the end of direct review of their conviction to bring a habeas petition. 28 U.S.C. § 2244(d)(1)(A).

*Rhines* gave district courts discretion to stay a mixed petition so that a petitioner could return to state court with unexhausted claims and not be prejudiced by the statute of limitations running out on the exhausted claims. *Rhines*, 544 U.S. at 275-76. However, the Court noted that "[s]taying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings [and] . . . undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his habeas petition." *Rhines*, 544 U.S. at

2

277. Therefore, stay and abeyance is only appropriate in limited instances such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Additionally, courts should not grant a stay where the petitioner engages in intentionally dilatory tactics. *Id*. at 278.

### III. Analysis

The sum and substance of Jefferson's motion for a stay is as follows:

> Now comes, the petitioner, Tanelle Jefferson, hereby respectfully moves this Honorable court for an order to grant this Motion for a Stay.
>
> Petitioner wants to protect his Habeas Corpus petition and request a stay until post-conviction remedies are exhausted. see *Rhines v. Weber*. Petitioner has motions in state court that are pending and a Successive Petition to Vacate or Set Aside Judgment of Conviction or Sentence still pending.
>
> Wherefore, the petitioner respectfully requests this Honorable court to grant order on this motion.

Doc. 7, p. 1.

Even assuming arguendo that Jefferson's Motion is based, in part, on the successive petition to vacate or set aside judgment which he asserted was pending in state court at the time, he fails to identify which claims raised in his Petition are unexhausted. Also, he only vaguely refers to having other "motions in state court that are pending[.]" Doc. 7, p. 1. There is no indication what these motions are or why the pendency of these motions justifies a stay and abeyance under *Rhines*. Even assuming arguendo that there are unexhausted claims before this Court, Jefferson has presented no basis upon which this Court can assess whether he has good cause for failing to exhaust those claims. For these reasons, the undersigned finds that Jefferson

has not demonstrated that a stay and abeyance pursuant to *Rhines* is warranted and recommends that the Court deny his Motion.

## IV. Recommendation

The undersigned recommends that the Court **DENY** Jefferson's Motion for a Stay (Doc. 7).

Dated: October 29, 2018

Kathleen B. Burke
United States Magistrate Judge

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).